IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELA DENISE NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:10-cv-744-WKW |
| | ) | [wo] |
| UNITED STATES DEP'T OF HOUS. | ) | |
| AND URBAN DEV., *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**AMENDED REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 5, filed September 10, 2010). For good cause, the Magistrate Judge recommends this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

**I. BACKGROUND**

Plaintiff Angela Denise Nails ("Nails" or "Plaintiff") is a frequent *pro se* litigant in this Court. Since 2006, Nails brought forty-four separate lawsuits in this Court. Undeterred by the notice provided regarding the limited jurisdiction of federal courts, the glaring deficiencies

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

of her lawsuit, and penalties for abusing the privilege of proceeding without paying filing fees and costs, Nails continues to file cases.

In August 2010, Nails attempted to file this new lawsuit with the District Court for the District of Columbia.  *See* Docs. 1 and 4.  The District Court appropriately transferred the suit to the Middle District of Alabama for disposition.  *See* Docs. 3-4.  On September 21, 2010, this Court granted Nails' motion to proceed *in forma pauperis*, but stayed service of the complaint pending a review under 28 U.S.C. § 1915.  The Court now conducts that review.  The gist of Nails' allegations - as best the Court can discern - is a complaint that Defendants violated her constitutional rights when they did not prevent an assault on her by another tenant at Vaughn Towers, then wrongfully evicted her and did not evict the white tenant who assaulted her.  The Court is well familiar with these complaints as she already brought these same claims in 2007 with *Nails v. Franklin*, Civ. Act. No. 1:07-cv-3-WKW (M.D. Ala. 2007).  In that suit, Nails did not provide any basis for federal jurisdiction, so the claims were dismissed.  On appeal, the Eleventh Circuit affirmed the dismissal.

Now Nails brings these same claims, but attempts to provide a jurisdictional hook by alleging violations of the Fourth and Fourteenth Amendments of the United States Constitution.  *See* Doc. 1 at p. 1.  Further, she names different parties as defendants.  It is not entirely clear who all her defendants are as she uses different ones in the style of the case, in the text of the complaint, and the listing of defendants at the end of her complaint.  *See generally* Doc. 1.  Here is a comprehensive list of those parties named: (1) United States

Department of Housing and Urban Development, (2) Vaughn Towers Apartments, (3) Dothan Troy University, and (4) an unnamed Housing Director in Dothan, Alabama. *Id*. Nails seeks as relief $500,000.00 in compensatory damages, $500,000.00 in punitive damages, costs, and attorneys' fees. *See* Doc. 1 at p. 7.

## II. DISCUSSION AND ANALYSIS

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)); *see also Giles v. Wal-Mart Distribution Center*, 359 Fed. Appx. 91, 93 (11th Cir. 2009) (internal citations and quotations omitted) ("Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."). While 28 U.S.C. § 1915 authorizes suits by litigants without prepayment of fees, it does not authorize abuse of the legal system.

> The pauper's affidavit should not be a broad highway into the federal courts. Indigence does not create a constitutional right to the expenditure of public funds and valuable time of the courts in order to prosecute an action which is totally without merit.

*Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (internal citations omitted).

Therefore, a two-step procedure should be used when processing a complaint filed pursuant to 28 U.S.C. § 1915. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citations omitted).

First, the district court should determine "whether the plaintiff is unable to prepay costs and fees and therefore a pauper under the statute." *Id*. (citing 28 U.S.C. § 1915(a)). Second, once leave has been granted, the court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *Id*.; *see* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J. concurring) (Section 1915(e) applies to all litigants proceeding *in forma pauperis*). At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (dismissal of claims when "clearly baseless"); *Procup*, 760 F.2d at 1114 (complaint may be dismissed prior to service of process). Thus, the court may "spare the defendant the inconvenience and

expense of answering a frivolous complaint." *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).[2]

The complaint filed by Nails satisfies the economic eligibility criteria of § 1915(a)(1), and therefore may be filed without prepayment of fees. However, the Court is of the view, that the complaint should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i) - (ii).

**A.   Statute of Limitations**

In the interest of justice, the Court shall construe Nails' complaint as one seeking relief under both 42 U.S.C § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Section 1983 itself provides no substantive rights, but only serves as a vehicle "for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 811, 127 L.Ed.2d 114 (1994) (citation omitted); *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989). The same is true with *Bivens* in that it provides an avenue for a plaintiff to seek remedies from a federal agent for constitutional violations. *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996) ("The effect of Bivens was to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials."). Moreover, because claims under 42 U.S.C. § 1983 and *Bivens* are so similar, courts generally apply § 1983 law to *Bivens* cases. *See Morast v. Lance*, 807 F.2d 926, 931 (11th Cir. 1987);

---

[2]   *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

*Campbell v. Civil Air Patrol*, 131 F.Supp.2d 1303, 1310 n. 8 (M.D. Ala. 2001) (citations omitted); *O'Brien v. United States*, 137 Fed. Appx. 295, 299 (11th Cir. 2005) (unpublished opinion) (citing *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995)). As a result, the Court shall refer interchangeably to cases decided under both § 1983 and *Bivens*.

In federal causes of action where Congress has not specifically provided a statute of limitations, the United States Supreme Court has established that a state's statute of limitations applies. *Wilson v. Garcia*, 471 U.S. 261, 266-67, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985); *International Union, United Auto., Aerospace & Agr. Implement Workers of America (UAW), AFL-CIO v. Hoosier Cardinal Corp.*, 383 U.S. 696, 703-04, 86 S.Ct. 1107, 1112, 16 L.Ed.2d 192 (1966). Thus, in § 1983 claims, federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *See Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985); *see also City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n. 2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations."). The same is true as to a *Bivens* action. *See Kelly*, 87 F.3d at 1238 (holding that "a *Bivens* action is governed by the same statute of limitations as would a § 1983 action in that court."). The Court looks to Alabama law for the guiding statute of limitations and finds that it is two years under Alabama's residual statute of limitations for personal injury actions. ALA. CODE § 6-2-38(l);[3] *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105-06 (11th Cir. 1992) (applying ALA.

---

[3] The statute states: "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two

CODE § 6-2-38(l) and its two year statute of limitation in § 1983 action). Nails' claims relate to an incident in 2006. The Court, especially having heard these same factual allegations already in the previous Nails' case filed in 2007, finds that there is no reason to toll the statute of limitations and that the claims are outside the two years required under the statute of limitations.

While the statute of limitations is usually a matter which may be raised as an affirmative defense, in an action proceeding under § 1915, the Court may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. State of Ga. Pardons & Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915 dismissal is allowed." *Id.* at 640. Moreover, amendment would be futile. *See Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir.1993) (amendment would have been futile since limitations period for claim had expired); *see also Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."). Consequently, Nails' claims merit dismissal as frivolous in accordance with 28 U.S.C. § 1915(e)(2)(B).

---

years."

**B.     Claims Fail under APA and FTCA**

The Court carefully reviewed Nails' complaint to see if she asserted any claims other than those under § 1983/*Bivens*. Nails attached a letter from the Department of Housing and Urban Development ("HUD") which shows that she made some attempt to proceed with an administrative complaint against HUD. *See* Doc. 1, attachment. While the Court does not construe this to be Nails bringing claims under the Administrative Procedures Act ("APA") or the Federal Tort Claims Act ("FTCA"),[4] even if she were, the claims still fail as discussed below.

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); *see also Ishler v. Internal Revenue*, 237 Fed. Appx. 394, 397 (11th Cir 2007) (quoting *Sherwood*). Consent to be sued must be "unequivocally expressed" in statutory text to act as a waiver of sovereign immunity and will be strictly construed in favor of the sovereign. *Gomez-Perez v. Potter*, 553 U.S. 474, 128 S.Ct. 1931, 1942-43, 170 L.Ed.2d 887 (2008). In addition, the protection of sovereign immunity extends to the employees of those agencies sued in their official capacities. *Ishler*, 237 Fed. Appx. at 398. The plaintiff bears the burden to establish subject matter jurisdiction and must prove an explicit waiver of immunity. *Id*. (internal citation omitted).

---

[4] It seems clear from the face of her complaint, Nails only asserts constitutional violations which would be brought pursuant to 42 U.S.C. § 1983 and it's federal equivalent in *Bivens*. *See* Doc. 1 at p. 1 (Jurisdiction and Venue).

To the extent Nails may attempt to make claims against HUD under either the APA or FTCA, she fails to show a waiver of immunity. The APA expressly does not waive sovereign immunity for claims seeking money damages. 5 U.S.C. § 702. As for any purported claims under the FTCA, while Nails shows she may have satisfied the administrative claim requirement, her claims would still fail as the proper party would be the United States and not HUD. *See* 28 U.S.C. §§ 2674, 2679(a); *Donovan LE*, 542 F.Supp.2d at 1323. Further, there is no waiver of sovereign immunity for claims based upon "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Finally, the doctrine of sovereign immunity applies in claims against the government where the suit is one "where the judgment sought is to be satisfied from monies of the federal Treasury, or where the judgment interferes with public administration, or where the judgment's effect is to compel or restrain the government's actions." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1555 (11th Cir. 1985); *see also Ishler*, 237 Fed. Appx. at 398 (quoting *Panola Land*). Nails' request for monetary damages clearly seeks monies from the federal Treasury.

As there is no waiver of immunity, to the extent Nails may be trying to bring claims under the APA or FTCA, they are barred by sovereign immunity and merit dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III. PRIVILEGE OF FILING AN *IN FORMA PAUPERIS* ACTION IN FEDERAL COURT

As previously mentioned, in the last four years, Nails filed forty-two (42) separate lawsuits in this court pursuant to 28 U.S.C. § 1915 charging a variety of defendants with spurious claims most frequently seen in state court litigation. Apparently undeterred by the notice provided in each case regarding the limited jurisdiction of federal courts, the glaring deficiencies of her lawsuit, and penalties for abusing the privilege of proceeding without paying filing fees and costs, Nails continues to file frivolous lawsuits.

Nails is advised, as this Court has consistently reminded similarly situated *pro se* litigants, the privilege of filing a federal court lawsuit without prepayment of filing fees properly acknowledges a "right of access to courts" which is constitutionally secured for all American citizens. The privilege is subject, however, to valid and reasonable limitations designed not only to conserve limited judicial resources, but also to prevent abuse by unlearned laymen who may be tempted to seize the privilege as a license for limitless or mis-guided forays into federal court with bootless claims and grievances unresolved in other forums or for which there simply is no remedy. Frivolous or malicious lawsuits against any defendants – corporate, public, institutional, or individual – automatically result in inconveniences, burdens, and costs, associated with defense even to the extent of securing dismissal from the action.

This Court also deems it appropriate now to remind Nails - as it has done before - that *pro se* litigants are also bound to honor Rule 11 of the Federal Rules of Civil Procedure,

which provides in pertinent part at Rule 11(b):

> By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

A plaintiff may incur a substantial penalty for non-compliance with this rule by filing a federal court lawsuit without first conducting "an inquiry reasonable under the circumstances" in order to inform her "knowledge, information, and belief" about the merits of the lawsuit. Rule 11(c)(4) provides:

> A sanction imposed under this rule shall be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

## IV. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1) Plaintiff's claims be **DISMISSED** prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) - (iii).

(2) Plaintiff's *Motion of Case Transfer Review* (Doc. 4) be **DENIED as moot**.

(3) Any outstanding motions be **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Plaintiff file any objections to the this *Recommendation* on or before **October 28, 2010**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30,

1981).

DONE this 14th day of October, 2010.

        /s/ Terry F. Moorer
        TERRY F. MOORER
        UNITED STATES MAGISTRATE JUDGE