IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA DENISE NAILS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:10-CV-744 [WO] |
| | ) |
| UNITED STATES DEP'T OF HOUS. | ) |
| AND URBAN DEV., *et al.*, | ) |
| | ) |
| Respondents. | ) |

**ORDER**

On October 14, 2010, the Magistrate Judge filed an Amended Report and Recommendation (Doc. # 12), recommending that Plaintiff Angela Denise Nails's federal-law claims be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B). The Magistrate Judge generously construed the Complaint as one seeking relief under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971),[1] but found those claims barred by the applicable two-year statute of limitations. (Am. Recommendation 5-7.) Ms. Nails filed an objection on October 21, 2010. (Doc. # 13.) Ms. Nails asserts that her federal constitutional claims are timely because they were brought within two years of receiving a letter from the United States Department of Housing and Urban Development ("HUD") evidencing HUD's prior decision on reconsideration upholding the determination of no reasonable cause. (Doc. # 13, at 5.) Having conducted an independent and *de novo*

---

[1] In *Bivens*, the Supreme Court of the United States "'recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1947 (2009) (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001)).

review of those portions of the Amended Recommendation to which objection is made, *see* 28 U.S.C. § 636(b)(1), the court finds that the objection lacks merit.

Ms. Nails does not contest the finding of the Magistrate Judge, who is familiar not only with this case, but also with a similar action filed by Ms. Nails in 2007, that Ms. Nails's "claims relate to an incident in 2006" and are "outside the two years required under the statute of limitations."[2] (Am. Recommendation 2, 7.) Rather, Ms. Nails's argument implies that the statute of limitations was tolled and did not accrue until the completion of HUD's administrative review. It is well established that "there is no requirement that a plaintiff exhaust his [or her] administrative remedies before filing suit under § 1983." *Beaulieu v. City of Alabaster*, 454 F.3d 1219, 1226 (11th Cir. 2006); *see also Smith v. McClammy*, 740 F.2d 925, 927 (11th Cir. 1984) ("Since exhaustion of administrative remedies is not a prerequisite to filing suit [under § 1983], the statute would not be tolled pending pursuit of administrative remedies but would begin to run on the date the cause of action accrued."). The same is true as to Ms. Nails's claims brought under *Bivens*. *See generally Hicks v. James*, 55 F. App'x 744, 748 (4th Cir. 2007) (*per curiam*) ("Because [the plaintiff] was not a prisoner . . . , he was not required to exhaust his administrative remedies before bringing his *Bivens* claims."). No contrary authority has been cited by Ms. Nails, and none is known.

---

[2] A § 1983/*Bivens* cause of action accrues when a plaintiff "know[s] or should know (1) that [she] ha[s] suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (§ 1983); *see also Erick v. Border Patrol of Fla. State*, 154 F. App'x 193, 194 (11th Cir. 2005) ("The method for determining the date when a cause of action accrued for purposes of the statute of limitations in § 1983 cases is also used for *Bivens* claims . . . .") (citing *Kelly v. Serna*, 87 F.3d 1235, 1240 (11th Cir. 1986)).

Because exhaustion of administrative remedies was not a prerequisite to Ms. Nails's § 1983/*Bivens* claims, Ms. Nails's argument for equitably tolling the statute of limitations is not persuasive. The Magistrate Judge did not err by concluding that "there is no reason to toll the statute of limitations" and by recommending dismissal of Ms. Nails's § 1983/*Bivens* claims under § 1915(e)(2)(B). (Am. Recommendation 7, 12.) Moreover, Ms. Nails raises no other points in her objection that establish error in the Amended Recommendation. Accordingly, it is ORDERED that

1. Ms. Nails's objection (Doc. # 13) is OVERRULED;

2. the Amended Report and Recommendation (Doc. # 12) is ADOPTED;

3. Ms. Nails's claims are DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) - (iii); and

4. Ms. Nails's Motion of Case Transfer Review (Doc. # 4) is DENIED as moot.

An appropriate judgment will be entered.

DONE this 29th day of October, 2010.

                                              /s/ W. Keith Watkins
                                        UNITED STATES DISTRICT JUDGE